## PIRGANDI *v.* FAY.

1. EXCHANGE OF LANDS—RESCISSION—DEFECTIVE CONVEYANCE.
    Where, at the time of an exchange of land, the deed to complainant was not acknowledged by the grantor's wife, and had only one witness, but such defects were subsequently remedied, and the deed redelivered, complainant had no ground for complaint.

2. SAME — INCUMBRANCES — WARRANTY DEED — AFTER-ACQUIRED TITLE.
    Where complainant claimed that land conveyed to him under an agreement to exchange was incumbered by a tax title, but it appeared that defendant's grantor, after conveying to defendant by warranty deed, had obtained a quitclaim deed from the holder of the tax title, complainant was not entitled to rescind the agreement.

Appeal from Wayne; Carpenter, J. Submitted October 9, 1901. Decided November 12, 1901.

Bill by Frank Pirgandi and Mary Pirgandi against William E. Fay and Anna F. Fay to set aside a deed. From a decree dismissing the bill, complainants appeal. Affirmed.

*George H. Prentis*, for complainants.

*Samuel W. Burroughs*, for defendants.

LONG, J. In November, 1893, complainants were the owners of a house and lot in the city of Detroit, incumbered by a mortgage of $300. Defendants were the owners of 40 acres of land in Sumpter township, Wayne county, incumbered by a mortgage of $241.67. The parties entered into an agreement to exchange properties. The complainants were to deed defendants their house and lot in Detroit, subject to the mortgage above mentioned, which the defendants were to pay, and subse-

quently did pay. The defendants were to deed complainants the west half of the 40 acres of land, subject to the incumbrance above mentioned, and which complainants were to pay. The deeds were passed, and defendants paid the mortgage on the house and lot. This bill is filed by complainants to set aside the deed made by them to defendants. It is the claim of complainants that the exchange of properties so made was brought about by fraudulent representations of the defendants; that the deed from defendants to them was never properly executed; that complainants never claimed any rights under it; and that the property so pretended to be conveyed to complainants was incumbered by a tax deed standing in the name of a third party. The proofs were taken in open court, and a decree made dismissing complainants' bill, from which decree they have appealed.

Counsel for complainants states in his brief the issues between the parties. He says that "the question for determination in this case is whether or not the complainants intended to deed to defendants their home in Detroit. If both of the complainants so intended, then this bill cannot be sustained. If, however, both of the complainants did not act understandingly, and did not intend to deed their home, the bill should be sustained."

It appears that the complainants were joint owners of the premises conveyed to defendants, and it is true that neither could convey without the consent of the other, during their joint lives. But we are satisfied that the court below was not in error in dismissing the bill. The deed was signed by both complainants, and delivered to defendants, and there is no satisfactory evidence that Mrs. Pirgandi did not understand that she was signing an instrument of conveyance of the premises in exchange for the land of defendants. There is no force in the contention that the deed from defendants was not properly executed. At the time of the exchange, by some oversight the deed was not acknowledged by Mrs. Fay, one of the defendants, and had but one witness. This omission

was subsequently remedied, and the deed redelivered to the complainants. The court below, in passing upon the question of the incumbrance by the tax title, found that the defendants' grantor obtained from the tax-title owner a quitclaim deed running to himself; that he had theretofore conveyed the premises to the defendants by deed of warranty; and that consequently the title was perfected in defendants.

Upon the whole record, we are satisfied that the court very properly entered a decree dismissing complainants' bill. That decree must be affirmed, with costs to defendants.

MONTGOMERY, C. J., HOOKER and MOORE, JJ., concurred. GRANT, J., did not sit.